**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**In Re Gary B. Williams**                                          Civil Action No. **3:25cv1011 (RCY)**

      Petitioner.

**MEMORANDUM OPINION**

On December 10, 2025, the Court received and docketed a Petition for a Writ of Mandamus submitted by Virginia state prisoner Gary B. Williams.  ECF No. 1.  Observing that Williams had "at least three other actions or appeals that ha[d] been dismissed as frivolous or for failure to state a claim" and that Williams did not "suggest that he [wa]s in imminent danger of serious physical harm," the Court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g).[1]  ECF Nos. 2, 3.  Now before the Court is Williams's "Motion to Vacate Void Judgment."  ECF No. 4. Although Williams styles his Motion as arising under Federal Rule of Civil Procedure 60(b)(4), the Court construes it as arising instead under Rule 59(e), as it was filed within twenty-eight days of the Court's dismissal of this action.  *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978), for the principle that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions).

---

[1] This statute provides:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In support of his Motion, Williams argues that he "has not filed anything in the district court to be ruled upon." ECF No. 4, at 1 (emphasis in original). Williams clarifies that, although he *did* file a petition for writ of mandamus in the Fourth Circuit, the copy mailed to this Court was merely to inform the Honorable Henry E. Hudson about those proceedings. *Id.* at 2. Williams therefore requests that "the void judgment entered in [this action] on January 26, 2026"[2] be vacated. *Id.* at 1 (capitalization corrected).

Williams's assertion that the judgment is void does not fit neatly into any of the three grounds for relief available under Rule 59(e), but it fits *most* neatly in the third, pursuant to which the Court may grant relief to prevent a clear error of law or prevent manifest injustice. Here, though, Williams does not identify any clear error of law. For instance, he does not dispute the Court's finding that he had accrued three strikes and was thus subject to the filing restrictions set forth in 28 U.S.C. § 1915(g). Rather, Williams merely suggests that this Court incorrectly opened this action, the claims of which he intended to be considered by the Fourth Circuit. *See id.* at 2. To the extent the decision to open this action amounted to legal rather than mere administrative

---

[2] The Court presumes that this was the date that Williams received the judgment, as the judgment order itself plainly shows the entered date of January 12, 2026. *See* ECF No. 4-1.

2

error, and to the extent that the decision was in error at all, it was not in clear error. First, Williams's Petition resembled the many dozens or even hundreds of such filings that the United States District Court for the Eastern District of Virginia receives and dockets each year. Second, the Petition left a blank line where a case number might be listed, which suggested that it required and had not yet been provided a case number. *See id.* at 1. Third, the Petition lacked any type of explanatory cover letter stating that Williams did not intend to initiate a new action through its submission. Under these circumstances, the Clerk's Office's decision to open this action was not in error, and was certainly not in clear error.

Williams further fails to identify any manifest injustice he faces should the Court leave the judgment intact. Reading the Petition broadly, the Court infers that Williams perhaps fears a preclusive effect as to his claims resulting from this action's dismissal, *see* ECF No. 4, at 4, but the Court did not address the merits of Williams's arguments and dismissed this action without prejudice, meaning Williams's claims are not subject to the preclusive doctrines of res judicata or collateral estoppel. *See Brandenfels v. Heckler*, 716 F.2d 553, 557 (9th Cir. 1983) ("[D]ismissals without prejudice do not constitute a final determination to which collateral estoppel is applied." (citations omitted)); *Johnson v. O'Brien*, No. 7:09cv00165, 2011 WL 11275, at *4 (W.D. Va. Jan. 3, 2011) ("[T]he Court's previous dismissal without prejudice does not constitute a final judgment on the merits for the purpose of res judicata."). For these reasons, Williams's Motion will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

It is so ORDERED.

_____ /s/ *RCY*

Date: June 30, 2026     Roderick C. Young
Richmond, Virginia      United States District Judge